# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM D. WILLIAMS, Inmate #15409-008,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL NO. 03-824-MJR** |
| **vs.** ) | |
| ) | |
| **E.A. STEPP,** *et al.*, ) | |
| ) | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a former inmate in the United States Penitentiary in Marion, Illinois ("Marion"), brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

Before the Court, first, is Plaintiff's motion to amend his complaint (Doc. 14). This motion is **GRANTED**. The Clerk is **DIRECTED** to file Plaintiff's amended complaint.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief

may be granted; or
(2) seeks monetary relief from a defendant who is immune from such
relief.

28 U.S.C. § 1915A.   An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   After evaluating plaintiff's claims

individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss

those claims that are frivolous before allowing plaintiff to proceed with his remaining claims.   *See*

*also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

In his original and amended complaint, Plaintiff makes the following factual allegations.

Plaintiff states that from January 20, 1999, through October 10, 2003, Defendants did not provide

him with adequate dental care.   Plaintiff states that he complained to Defendant Dr. McCuan on

January 20, 1999, that he was experiencing pain in two of his teeth.   Plaintiff states that over the

course of the next three years, Dr. McCuan ignored his complaints of pain and repaired only one of

his teeth, leaving the other unrepaired until September 2002.

Plaintiff states that in January 2002, Dr. McCuan injured his right hand, preventing

performance of his duties for approximately six months.   Neither Defendant Bakke nor Defendant

Stepp assigned another dentist to take over his duties at the prison.

Plaintiff states that on March 13, 2002, he requested dental services because of another

painful molar.   He repeated his request on April 7, 2002, noting "pain and tooth breakdown," and

again on July 18, 2002.   On August 28, 2002, he complained in person and in writing to Defendant

Stepp.   Plaintiff finally saw Dr. McCuan on September 12, 2002.   Dr. McCuan numbed his mouth

with Lidocaine, and treated the painful tooth.   Plaintiff states that he is allergic to Lidocaine and that

he experienced an allergic reaction to the anesthetic.   Plaintiff states that his allergy to Lidocaine is

clearly noted in his dental records.

Plaintiff further states that Dr. McCuan's hand was still injured on September 12, and therefore the work he performed on that date was inadequate, resulting in pain, inflammation, and infection.  Plaintiff states that the tooth Dr. McCuan worked on September 12 had to be completely restored upon Plaintiff's arrival at the United States Penitentiary in Lee County, Virginia ("USP-Lee").

At the September 12 appointment, Plaintiff also complained to Defendant McCuan of pain in an upper-right molar, but Dr. McCuan did not treat the tooth at that time.  Plaintiff requested treatment on that tooth on October 7, 2002.  On October 22 and November 6, 2002, Plaintiff filed grievances complaining about the lack of dental treatment.

On November 22, 2002, Dr. McCuan examined his upper-right molars and found them infected.  He prescribed tetracycline.  On December 3, 2002, McCuan restored the upper-right molars, again using Lidocaine without informing Plaintiff.  Plaintiff states that he did not realize until he received his dental records that he had received Lidocaine on September 12 or December 3, but recalls having allergic symptoms during and after the procedures.

Plaintiff states that Defendants intentionally delayed his dental treatment and provided inadequate treatment in retaliation for filing grievances about his dental care.  Plaintiff further states that Dr. McCuan intentionally used Lidocaine, knowing Plaintiff reacted allergically to it, in retaliation for the grievances.  Plaintiff experienced mental, psychological, and emotional stress, including terror and trauma, as a result of the "attempts upon" his life by Dr. McCuan.  Plaintiff states that he was transferred to USP-Lee in retaliation for the grievances and that Dr. McCuan and

- 3 -

Dr. Arens[1] at Marion have attempted to harass him at USP-Lee by sending an e-mail to USP-Lee staff telling them to relay a message to Plaintiff that they said "hello."

Plaintiff states that the equipment and supplies used at Marion for dental work are "poorly maintained, outdated, insufficient, and inadequate;" that the patient scheduling procedures are insufficient and inadequate; and due to McCuan's injured hand, numerous inmates at Marion were denied adequate dental care, all in violation of the constitution. Plaintiff states that in 2002, Marion dental services had 22 grievances filed against it for delay in treatment, infection, and inadequate treatment.

Plaintiff invokes the Court's jurisdiction under 28 U.S.C. §§ 1331(a) and 1346(b), and 42 U.S.C. §§ 1985, 1986, 1988, and 1997d.  Plaintiff also attempts to bring a class action against defendants on behalf of all inmates at Marion because of delayed and inadequate treatment.

Plaintiff's complaints state three basic claims.  First, Plaintiff claims that Defendants were deliberately indifferent to his serious dental needs, in violation of the Eighth Amendment.  Second, Defendants discriminated against Plaintiff in violation of the equal protection clause of the Fourteenth Amendment.  Third, Defendants retaliated against Plaintiff for his filing grievances regarding dental services at Marion.

### Deliberate Indifference

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short

---

[1]Dr. Arens is not listed as a defendant.

of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also*

*Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996),

*cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However,

the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth

Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the

denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent

error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth

- 5 -

Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

> Other circuits have held that adequate dental care constitutes a serious medical need.  *See, e.g., Chance v. Armstrong*, 143 F.3d 698, 702-03 (2nd Cir. 1998) (reversing dismissal of complaint where inmate's allegations that he suffered from extreme pain, deteriorating teeth, and difficulty with eating, when prison dentists would not fill his cavities, were sufficient to support a serious medical need); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-201 (9th Cir. 1989) (reversing grant of summary judgment for defendants, where inmate denied of his replacement dentures, suffered from breaking teeth, bleeding and infected gums, pain, and weight loss due to an inability to eat, demonstrated a serious dental condition); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (holding that a three week delay in sending dental care referral, with knowledge of inmate's swollen and infected mouth and suffering, could support a finding of an Eighth Amendment violation).

*Manney v. Monroe*, 151 F.Supp.2d 976 , 990 (N.D. Ill. 2001).  Based on these standards, Plaintiff's claims of delayed and inadequate dental care cannot be dismissed at this time.  *See* 28 U.S.C. § 1915A.


<u>Equal Protection</u>

- 6 -

Plaintiff claims that Defendant's actions in failing to provide adequate dental treatment violated the equal protection clause of the Fourteenth Amendment.

> The "Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers. The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action." *Brisco v. Kusper*, 435 F.2d 1046, 1052 (7th Cir. 1970). A plaintiff "must demonstrate intentional or purposeful discrimination" to show an equal protection violation. *Bloomenthal v. Lavelle*, 614 F.2d 1139, 1141 (7th Cir. 1980) (per curiam). " 'Discriminatory purpose,' however, implies more than intent as volition or intent as awareness of consequences." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979). It implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group. *See id.*

*Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). Plaintiff has not claimed his constitutional rights were deprived as a result of his membership in a particular group, nor has he alleged that the deprivations were a result of purposeful discrimination against him as a member of any group. As such, Plaintiff has not stated an equal protection claim. Accordingly, Plaintiff's equal protection claim is **DISMISSED** from the action with prejudice.

*Retaliation*

Plaintiff claims Defendants intentionally delayed his dental treatment, that they provided inadequate dental treatment, that Dr. McCuan used Lidocaine as an anesthetic, a drug to which Plaintiff is allergic, and that Defendants transferred Plaintiff to USP-Lee, all in retaliation for Plaintiff's having filed grievances regarding dental services at Marion. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary

to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7ᵗʰ Cir. 2002). Based on these standards, Plaintiff's claims of retaliation cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

*Certification as Class Action under Fed. R. Civ. P. 23*

Plaintiff states that delayed and inadequate dental care by Defendants is a common problem at Marion and requests certification of the class of all inmates confined at Marion. Federal Rule of Civil Procedure 23 requires that prospective plaintiffs must meet certain criteria before they will be certified as a class. Among these is the requirement that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Based on Plaintiff's complaint, the Court finds certification of the class not warranted here because implicit in Plaintiff's claims are specific factual allegations regarding his individual alleged mistreatment by Defendants that would not be common to all inmates confined at Marion. As such, Plaintiff's request for certification of the class of all inmates at Marion is **DENIED**.

*Defendants*

Plaintiff also lists Dr. Lee and several unknown Bureau of Prisons officials as defendants in the list of defendants in his amended complaint. However, the statement of claim does not include any allegations against these defendants. "A defendant cannot be held liable for damages in a civil rights action for wrongs in which he had no personal involvement." *Eades v. Thompson*, 823 F.2d 1055, 1063 (7ᵗʰ Cir. 1987); *Duncan v. Duckworth*, 644 F.2d 655-56 (7ᵗʰ Cir. 1981). Furthermore, "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7ᵗʰ Cir. 1998). Accordingly, Defendants Lee and the

- 8 -

unknown Bureau of Prisons officials are **DISMISSED** from the action.

In summary, Plaintiff is allowed to proceed individually against Defendants Stepp, McCuan, and Bakke on the deliberate indifference and retaliation claims. Plaintiff's equal protection claim is dismissed from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for defendants ***Stepp, McCuan, and Bakke***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants ***Stepp, McCuan, and Bakke*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, and on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Bureau of Prisons pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 28th day of June, 2005.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**