IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM D. WILLIAMS,** )    )    Plaintiff,   )    )    v.   )    )    **E.A. STEPP, et al.,** )    )    Defendants.   ) | Civil No.  **03-824-MJR** |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation regarding defendant Ron McCuan's motion to dismiss or, in the alternative, for summary judgment **(Doc. 37)** is respectfully submitted to U.S. District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

The above-captioned civil rights action **(Doc. 29)** was filed in accordance with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and 28 U.S.C. § 1331.[1]  Plaintiff William D. Williams is a federal inmate currently incarcerated at the United States Penitentiary in Lee County, Virginia ("USP-Lee").  Williams takes issue with the

---

[1] *Bivens* stands for the proposition that federal inmates may sue individual federal employees for constitutional torts.  Plaintiff's original complaint was strictly a *Bivens* action, which falls within the Court's "federal question" jurisdiction, pursuant to 28 U.S.C. § 1331. **(Doc. 1, p. 1).**  The amended complaint **(Doc. 19)**, which was the subject of the Court's threshold review **(Doc. 18)**, was construed as a *Bivens* action, even though the pleading also cited 28 U.S.C. § 1346 as a jurisdictional basis.  Section 1346 provides jurisdiction when the United States is a defendant. Section 1346 is the jurisdictional basis for a claim against the United States under the Federal Tort Claim Act, 28 U.S.C. §§ 2671-2680.  The second amended complaint **(Doc. 29)**, which is now controlling, cites both Sections 1331 and 1346 as the bases for jurisdiction **(Doc. 29, pp. 1 and 6(as numbered in the CM-ECF system))**.  Nevertheless, it is clear to this Court that plaintiff, who is proceeding pro se, intends to pursue only a *Bivens* action.

dental care he received while at the United States Penitentiary in Marion, Illinois ("USP-Marion"); he further alleges that his transfer from USP-Marion to USP-Lee was done in retaliation for filing complaints about dental care; and he asserts he was denied "the equal protection of the law." More specifically, he alleges that defendant Ron McCuan and others, including the Bureau of Prisons, all were deliberately indifferent to his serious dental needs, in violation of the Eighth Amendment; retaliated against him for filing grievances, in violation of the First Amendment; and violated his right to the equal protection of the law, in violation of the Fourteenth Amendment. Defendant Ron McCuan, the Chief Dental Officer at USP-Marion, is sued in both his official and individual capacities, as are all other defendants.

Defendant McCuan now seeks dismissal of all claims against him, pursuant to Federal Rule of Civil Procedure 12(b); in the alternative, he seeks summary judgment pursuant to Federal Rule of Civil Procedure 56. **(Docs. 37 and 38).** McCuan argues that: (1) there is no subject matter jurisdiction for claims against him, in accordance with 42 U.S.C. § 233(a); (2) there is no subject matter jurisdiction for *Bivens* claims against him in his official capacity, in accordance with *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), and *FDIC v. Meyer*, 510 U.S. 471, 475-479 and 486 (1994)[2]; (3) plaintiff has failed to state an equal protection claim, just as the Court ruled in its threshold review; and (4) the retaliatory transfer claim should be dismissed due to lack of personal involvement by McCuan.

Plaintiff Williams belatedly filed an affidavit in opposition to defendant McCuan's motion. **(Doc. 58).** Williams' affidavit does not address the legal and factual inadequacies

---

[2]Defendant mistakenly cites to the syllabus in the Supreme Court Reporter syllabus. The Court has noted the correct citation.

raised by the defendant. Rather, Williams' affidavit amounts to no more than a reassertion of the factual allegations contained in the second amended complaint.

## Analysis

In accordance with Federal Rule 12(b), Rule 56 provides that appropriate standard for defendant's motion because matters outside the pleadings have been presented and will be considered by the Court, i.e. McCuan's affidavit **(Doc. 38-2)**. Accordingly, in responding to this report and recommendation, all parties should present all material made pertinent to the motion by Rule 56.

Summary judgment is appropriate under Rule 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett***, 477 U.S. 317, 323 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 255 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne***, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings, more substantial evidence must be presented at this stage. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife*

3

*Federation*, **497 U.S. 871, 888 (1990).** Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" (***Anderson*, 477 U.S. at 247)**, or by "some metaphysical doubt as to the material facts, (***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))**."

      Defendant McCuan is an officer of the Public Health Service working at USP-Marion as Chief Dental Officer, and it is in that respect that he interacted with plaintiff.  **(Doc. 38-2).**  The *exclusive* remedy for damage for personal injury resulting from the "performance of medical, surgical, dental, or related functions" by any commissioned officer or employee of the Public Health Service is the Federal Tort Claims Act, 28 U.S.C. § 2672 and 28 U.S. C. § 1346(b).  **42 U.S.C. § 233(a);** *see also Cuoco v. Moritsugu*, **222 F.3d 99, 107 (2d Cir. 2000).**  As explained above in footnote 1, this action is a *Bivens* action, before the Court pursuant to 28 U.S.C. § 1331.  Therefore, the Court lacks subject matter jurisdiction over all claims related to McCuan's alleged mistreatment or failure to treat plaintiff's dental ailments.  All such claims must be brought pursuant to the Federal Tort Claims Act, as an action against the United States, pursuant to 28 U.S.C. § 1346(b).

      Similarly, the Court lacks jurisdiction insofar as defendant McCuan is sued in his official capacity in this *Bivens* action.  "Official-capacity suits. . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  ***Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (quoting** *Monell v. New York City Dept. of Social Services,* **436 U.S. 658, 690, n. 55 (1978).**  A *Bivens* action cannot be maintained against a federal agency.  ***FDIC v. Meyer*,  510 U.S. 471, 475-479 and 486 (1994).** Therefore, insofar as plaintiff has alleged non-treatment related claims regarding equal protection and retaliation, those claims

cannot stand against McCuan in his official capacity.

The equal protection claim plaintiff asserts in the second amended complaint is virtually identical to the equal protection claim asserted in the amended complaint, which was dismissed *with prejudice* in the Court's threshold order. **(*Compare* Doc. 19, pp. 3-4, *and* Doc. 29, p. 8 (as numbered in CM/ECF); *see also* Doc. 18, p. 7).** It is as true now as it was then, plaintiff has not claimed his constitutional rights were deprived as a result of his membership in a particular group, nor has he alleged that the deprivations were a result of purposeful discrimination against him as a member of any group. As such, plaintiff has not stated an equal protection claim. ***Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).** Therefore, the equal protection claim should be stricken from the second amended complaint, having already been dismissed with prejudice. In the alternative, defendant McCuan is entitled to summary judgment as there is no viable legal claim or question of fact for trial. Plaintiff's affidavit in opposition to the subject motion adds nothing relevant to this issue. **(*See* Doc. 58).**

Plaintiff's retaliation claim against defendant McCuan is fatally flawed. Plaintiff only generally alleges that all of the defendants orchestrated his transfer to USP-Lee in retaliation for his filing grievances. **(Doc. 29, p. p. 12 (as numbered in CM/ECF)).** Plaintiff's affidavit in opposition to this motion adds nothing relevant to this issue. **(*See* Doc. 58).** Defendant McCuan has submitted an affidavit specifically stating that he has no role whatsoever in inmate transfers. **(Doc. 38-2).** Personal involvement is a prerequisite for individual liability in a civil rights action such as this; a defendant must have caused or participated in an alleged constitutional deprivation to incur liability. ***Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983); 42 U.S.C. § 1983.** The doctrine of *respondeat superior* cannot be used to impose Section 1983

liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights. *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997). Therefore, there are no questions of material fact remaining and defendant McCuan is entitled to summary judgment on the retaliation claim.

## RECOMMENDATION

For the aforestated reasons, it is the recommendation of this Court that defendant McCuan's motion for summary judgment **(Doc. 37)** be granted in all respects.  If the District Court adopts this report and recommendation, McCuan would be entitled to summary judgment on all claims against him and he would no longer be a defendant in this action.  Formal judgment would then enter at the close of the case.

DATED:  July 20, 2006              s/ Clifford J. Proud
                                   **CLIFFORD J. PROUD**
                                   **U. S. MAGISTRATE JUDGE**


### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 7, 2006**.

In accordance with Federal Rule of Civil Procedure 12(b), in responding to this report and recommendation, all parties should present all material made pertinent to the motion by Federal Rule of Civil Procedure 56.