IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM D. WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **03-824-MJR** |
| ) | |
| **E.A. STEPP, et al.,** ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation regarding the defendant Bureau of Prisons' motion to dismiss all claims against it for want of subject matter jurisdiction **(Doc. 63)** is respectfully submitted to U.S. District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

The above-captioned civil rights action **(Doc. 29)** was filed in accordance with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and 28 U.S.C. § 1331.[1] Plaintiff William D. Williams is a federal inmate currently incarcerated at the

---

[1] *Bivens* stands for the proposition that federal inmates may sue individual federal employees for constitutional torts. Plaintiff's original complaint was strictly a *Bivens* action, which falls within the Court's "federal question" jurisdiction, pursuant to 28 U.S.C. § 1331. **(Doc. 1, p. 1).** The amended complaint **(Doc. 19)**, which was the subject of the Court's threshold review **(Doc. 18)**, was construed as a *Bivens* action, even though the pleading also cited 28 U.S.C. § 1346 as a jurisdictional basis. Section 1346 provides jurisdiction when the United States is a defendant. Section 1346 is the jurisdictional basis for a claim against the United States under the Federal Tort Claim Act, 28 U.S.C. §§ 2671-2680. The second amended complaint **(Doc. 29)**, which is now controlling, cites both Sections 1331 and 1346 as the bases for jurisdiction **(Doc. 29, pp. 1 and 6(as numbered in the CM-ECF system))**. Nevertheless, it is clear to this Court that plaintiff, who is proceeding pro se, intends to pursue only a *Bivens* action.

United States Penitentiary in Lee County, Virginia ("USP-Lee").  Williams generally takes issue with the dental care he received while at the United States Penitentiary in Marion, Illinois ("USP-Marion"); he further alleges that his transfer from USP-Marion to USP-Lee was done in retaliation for filing complaints about dental care; and he asserts he was denied "the equal protection of the law."  More specifically, he alleges: (1) Bureau of Prisons policies allowed employees to be deliberately indifferent to his serious dental needs, in violation of the Eighth Amendment; (2) the Bureau of Prisons' failure to adequately train and supervise its employees lead to constitutional deprivations and retaliation in violation of the First and Fourteenth Amendments.  **(Doc. 29, p. 16 (as numbered in the CM-ECF system)).**  Plaintiff also mentions basing his claims on unspecified violations of Illinois law.  **(Doc. 29, p. 16 (as numbered in the CM-ECF system)).**

The Bureau of Prisons seeks dismissal of all claims against it, pursuant to Federal Rule of Civil Procedure 12(b)(1).  **(Docs. 63 and 64).**  Citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Department of the Army v. Blue Box, Inc.*, 525 U.S. 255, 260 (1999), *Sterling v. United States*, 85 F.3d 1225, 1228-1229 (7th Cir. 1996); and *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005), the Bureau argues that there is no subject matter jurisdiction for *Bivens* claims against it– a federal government agency– due to sovereign immunity.  **(Doc. 64).**

Plaintiff has failed to file a response to the motion to dismiss.

## Analysis

Put succinctly, the defendant Bureau is correct.  A *Bivens* action cannot be maintained against a federal agency.  **FDIC v. Meyer, 510 U.S. 471, 475-479 and 486 (1994).**  Therefore,

those claims cannot stand against the Bureau of Prisons.

As explained above in footnote 1, this action is a *Bivens* action, before the Court pursuant to 28 U.S.C. § 1331. Therefore, the Court lacks subject matter jurisdiction over all claims related to the Bureau's alleged mistreatment or failure to treat plaintiff's dental ailments. All such claims must be brought pursuant to the Federal Tort Claims Act, as an action against the United States, pursuant to 28 U.S.C. § 1346(b).

Insofar as plaintiff bases his claims on unspecified provisions of Illinois law, the aforementioned analysis is equally applicable.

## **RECOMMENDATION**

For the aforestated reasons, it is the recommendation of this Court that defendant Bureau of Prison's motion to dismiss **(Doc. 63)** be granted in all respects, dismissing all claims against the Bureau of Prisons, without prejudice. Formal judgment would then enter at the close of the case.

DATED: August 3, 2006                     s/ Clifford J. Proud
                                                                                                                         **CLIFFORD J. PROUD**
                                                                                                                         **U. S. MAGISTRATE JUDGE**

## **Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 20, 2006**.