IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM D. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 03-cv-0824-MJR |
| | ) | |
| **E.A. STEPP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Before this Court is Plaintiff's motion for reconsideration (Doc. 88). For the reasons that follow, the Court **DENIES** Plaintiff's motion (Doc. 88).

**I.      Factual & Procedural History**

This action was filed in accordance with ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971)**, and **28 U.S.C. § 1331.**  Plaintiff William D. Williams is a federal inmate currently incarcerated at the United States Penitentiary in Lee County, Virginia ("USP-Lee"). Williams takes issue with the dental care he received while at the United States Penitentiary in Marion, Illinois ("USPMarion"); he further alleges that his transfer from USP-Marion to USP-Lee was done in retaliation for filing complaints about dental care; and he asserts he was denied "the equal protection of the law." More specifically, he alleges that defendant Ron McCuan and others, including the Bureau of Prisons, all were deliberately indifferent to his serious dental needs, in violation of the Eighth Amendment; retaliated against him for filing grievances, in violation of the First Amendment; and violated his right to the equal protection of the law, in violation of the Fourteenth Amendment.  Defendant Ron McCuan, the Chief Dental Officer at USP-

Marion, is sued in both his official and individual capacities, as are all other defendants.

On January 6, 2006, defendant McCuan filed a motion seeking dismissal of all claims against him, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)**; in the alternative, his motion sought summary judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56** (*see* Doc. 37). On July 20, 2006, Magistrate Judge Clifford J. Proud submitted a Report (Doc. 71) recommending that the undersigned District Judge grant McCuan's motion for summary judgment in all respects (*see* Doc. 71, p. 6).

On July 20, 2006, that Report was sent to the parties with a "NOTICE" informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. Notably, although the "notice" required that objections be filed within ten days in accordance with **SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b),** all parties were allowed until August 7, 2006 to file objections. This gave all parties 11 business days – 17 days total – to respond to Magistrate Proud's Report. This Court granted the parties an amount of time to respond that was greater than that required by **LOCAL RULE 73.1(b)** in order to account for any difficulty that Williams, as an incarcerated individual, might have had in meeting the standard deadline.

Nevertheless, Williams failed to file a timely objection to Magistrate Proud's Report, and did not file any objection until September 11, 2006 (*see* Doc. 76). That objection was filed over a month past the expiration of the extended objection deadline imposed by this Court. Accordingly, pursuant to **28 U.S.C. § 636(b)**, this Court was not required to conduct *de novo* review, ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985);** *Video Views Inc., v. Studio 21, Ltd.,* **797 F.2d 538 (7th Cir. 1986),** and on September 21, 2006 adopted Magistrate Judge Proud's Report (Doc. 71) and granted McCuan's motion for summary judgment in all respects (*see* Doc. 78).

Subsequently, on October 5, 2006, this Court received Williams' "motion for reconsideration" (Doc. 88). Therein, Williams requests "reconsideration of the Court's decision and relief from an illegal and unconstitutional ruling in granting summary judgment to defendant Ron McCuan" (Doc. 88, p. 4).

## II.     Analysis

If a motion to reconsider is filed within ten days of entry of judgment, **FEDERAL RULE OF CIVIL PROCEDURE 59(e)** applies. If the motion to reconsider was filed *more than* ten days after entry of the challenged judgment or order, Rule 60(b) applies. ***See, e.g., Talano v. Northwestern Medical Faculty Foundation,*** **Inc., 273 F.3d 757, 762 (7th Cir. 2001);** ***Britton v. Swift Transp. Co., Inc.*****, 127 F.3d 616, 618 (7th Cir. 1997)**. *Accord* **Borrero v. City of Chicago, 456 F.3d 698, 699 (7th Cir. 2006).**

In this matter, the order Williams requests this Court to reconsider was entered on September 21, 2006 (*see* Doc. 78). Williams' motion for reconsideration was filed on October 5, 2006, within ten business days of the entry of this Court's Order. Accordingly, Rule 59(e) applies.

Rule 59(e) requires that the moving party (here – Williams) "present newly discovered evidence" or "clearly establish a manifest error of law or an intervening change in the controlling law." ***Romo v. Gulf Stream Coach, Inc.*****, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001),** *citing* **Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998).** *Accord* **Baicker-McKee, Janssen & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 958 (2006)(recognizing four grounds for relief under Rule 59(e): "to incorporate an intervening change in the law, to reflect new evidence not available [previously], to correct a clear legal error, and to prevent a manifest injustice.");** ***Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*****, 762 F.2d 557, 561 (7th Cir.**

**1985)(Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Rule 59(e) motions may *not* be used to relitigate issues already presented or to present arguments which *could* have been previously addressed.  ***Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").  Accord Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986);  *Publishers Resource,* 762 F.2d at 561.**  As the Seventh Circuit has recently made clear, a Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." ***County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).**

In the instant case, Williams has presented no newly discovered evidence that was unavailable when Magistrate Judge Proud issued his Report and Recommendation (*see* Doc. 71) or when this Court later adopted that Report and Recommendation (*see* Doc. 78).  Nor has Williams identified evidence in the record establishing a manifest legal or factual error by the Court.  Williams is mistaken in asserting that this Court "ignor[ed] [his] evidence and [his] objections in his reply [to McCuan's motion for summary judgment]" (Doc. 88, p.2).  On the contrary, before recommending that this Court grant McCuan's motion for summary judgment, Judge Proud carefully considered all of the evidence Williams had provided (*see* Doc. 71, pp. 3-4).  As for Williams' contention that the Court has somehow improperly "refus[ed] to accept evidence," there is simply no basis whatsoever in the record of this matter to support this claim.

Williams was given ample opportunity to present opposition to McCuan's motion for

summary judgment (Doc. 37). Indeed, although the original deadline to respond to that motion was February 8, 2006, Magistrate Judge Proud nonetheless considered objections filed by Williams over two months past that deadline, on April 14, 2006 (*see* Docs. 57, 58). Altogether, Williams has been afforded over eight months from the date McCuan's motion for summary judgment originally was filed, January 6, 2006 (*see* Doc. 37), to the date upon which this Court ultimately adopted Judge Proud's recommendation, September 21, 2006 (*see* Doc. 78).

Williams' present motion is nothing more than another attempt to either re-argue previously rejected points (*e.g.*, that McCuan "personally assaulted [him]") or offer evidence he could have presented earlier. Williams has offered no ground warranting reconsideration under Rule 59(e). Accordingly, the Court **DENIES** Williams' motion to reconsider (Doc. 88).

**IT IS SO ORDERED.**

**DATED this 26th day of February, 2007.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**