IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM D. WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **03-824-MJR** |
| | ) | |
| **E.A. STEPP, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation regarding defendants E.A. Stepp, Terry Baake, B.G. Compton, G.L. Hershberger, H.G. Lappin, Augustine F. Li and Howard[1] Sweeney's motion for summary judgment **(Doc. 113)** is respectfully submitted to U.S. District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

The above-captioned civil rights action **(Doc. 29)** was filed in accordance with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and 28 U.S.C. § 1331.[2] Plaintiff William D. Williams is a federal inmate currently incarcerated at the

---

[1] Plaintiff incorrectly names Walt Sweeney, National Health Services Director of the Bureau of Prisons, as a defendant in the second amended complaint. (Doc. 29, p. 2). The National Health Services Administrator for the Federal Bureau of Prisons is Howard Sweeney.

[2] *Bivens* stands for the proposition that federal inmates may sue individual federal employees for constitutional torts. Plaintiff's original complaint was strictly a *Bivens* action, which falls within the Court's "federal question" jurisdiction, pursuant to 28 U.S.C. § 1331. (Doc. 1, p. 1). The amended complaint (Doc. 19), which was the subject of the Court's threshold review (Doc. 18), was construed as a *Bivens* action, even though the pleading also cited 28 U.S.C. § 1346 as a jurisdictional basis. Section 1346 provides jurisdiction when the United States is a defendant. Section 1346 is the jurisdictional basis for a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. The second amended complaint

United States Penitentiary in Lee County, Virginia ("USP-Lee"). Williams takes issue with the dental care he received while at the United States Penitentiary in Marion, Illinois ("USP-Marion"); he further alleges that his transfer from USP-Marion to USP-Lee was done in retaliation for filing complaints about dental care.[3]

At all relevant times, defendant E.A. Stepp was Warden at USP-Marion; Terry Baake was Health Services Administrator at USP-Marion; B.G. Compton was Associate Warden of Operations at USP-Marion, overseeing the Health Services Department through January 1, 2000; G.L. Hershberger was Regional Director for the North Central Regional Office of the Federal Bureau of Prisons; H.G. Lappin was Director of the Federal Bureau of prisons from April 4, 2003; Augustine F. Li was the USP-Marion Clinical Director; and Howard Sweeney was National Health Services Administrator for the Federal Bureau of Prisons. **(Doc. 29, p. 15 (as numbered in the CM-ECF system); and Doc. 114-4 - 114-10).**

Plaintiff's allegations about improper and delayed dental treatment revolve around Dr. McCuan, the chief dental officer and only dentist at USP-Marion, who was previously granted summary judgment. **(Doc. 78)**. However, plaintiff also alleges that the warden and health services administrator at USP-Marion, defendants Stepp and Baake, did not intervene to ensure plaintiff received proper dental care. Plaintiff broadly takes issue with the practices and

---

(Doc. 29), which is now controlling, cites both Sections 1331 and 1346 as the bases for jurisdiction (Doc. 29, pp. 1 and 6 (as numbered in the CM-ECF system)). Nevertheless, it is clear to this Court that plaintiff, who is proceeding pro se, intends to pursue only a *Bivens* action. To date, plaintiff has not disputed this conclusion.

[3]The second amended complaint includes a reference to "the equal protection of the law," but plaintiff clearly does not set forth a Fourteenth Amendment violation. The Court previously dismissed (with prejudice) an identical equal protection claim included in the first amended complaint. (Doc. 18, p. 7).

procedures, scheduling, equipment and supplies in the dental clinic at USP-Marion. He also complains that a substitute/replacement dentist was not utilized when Dr. McCuan injured his right hand and could not fully practice dentistry. According to plaintiff, he and other inmates filed multiple grievances alerting USP-Marion and Bureau of Prisons officials of the delayed and/or inadequate dental care offered at USP-Marion, and the defendants all conspired to deny him proper dental care. These allegations form the basis for a claim of cruel and unusual punishment, in violation of the Eighth Amendment.

According to plaintiff, after he complained about the dental care he was (or was not) receiving, the defendants retaliated against him in violation of the First Amendment. More specifically, plaintiff asserts that Dr. McCuan delayed treatment, improperly treated plaintiff, and administered Lidocaine, when he knew plaintiff was allergic to that drug. From plaintiff's perspective, the defendants collectively permitted the alleged retaliatory acts. Plaintiff also alleges that his transfer to USP-Lee was in retaliation for complaining about his dental care. According to plaintiff, it is the policy of the Bureau of Prisons to house inmates within 500 miles of their home state, and his transfer to a Virginia facility moved him farther from Arizona and Oregon, which he considers his home states.

### The Legal Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the

existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Spath,* 211 F.3d at 396.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison,* 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex,* 477 U.S. at 322-26; *Johnson v. City of Fort Wayne,* 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties" (*Anderson,* 477 U.S. at 247), or by "some metaphysical doubt as to the material facts" (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *Insolia v. Phillip Morris Inc.,* 216 F.3d 596 (7th Cir. 2000).

## Analysis

### 1. Exhaustion of Administrative Remedies

According to the Prison Litigation Reform Act:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Court of Appeals for the Seventh Circuit held in *Perez v. Wisconsin Department of Corrections,* 182 F.3d 532 (7th Cir. 1999), that exhaustion of administrative remedies, while not

Case 3:03-cv-00824-MJR   Document 135   Filed 05/16/07   Page 4 of 11   Page ID #843

existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Spath,* 211 F.3d at 396.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison,* 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex,* 477 U.S. at 322-26; *Johnson v. City of Fort Wayne,* 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties" (*Anderson,* 477 U.S. at 247), or by "some metaphysical doubt as to the material facts" (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *Insolia v. Phillip Morris Inc.,* 216 F.3d 596 (7th Cir. 2000).

## Analysis

### 1. Exhaustion of Administrative Remedies

According to the Prison Litigation Reform Act:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Court of Appeals for the Seventh Circuit held in *Perez v. Wisconsin Department of Corrections,* 182 F.3d 532 (7th Cir. 1999), that exhaustion of administrative remedies, while not

jurisdictional per se, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion means that the prisoner has "complete[d] the administrative process by following the rules the state has established for that process." *Pozo v. McCaughtry,* 286 F.3d 1022, 1023 (7th Cir. 2002). "Any other approach ... would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem-or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner." *Id.* at 1023-24. "Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 2000).

> Inmates in custody of the Bureau of Prisons can raise grievances regarding the conditions of their confinement, including their medical care, pursuant to administrative procedures set forth in 28 C.F.R. § 542.10, *et seq.* An inmate must first "informally present [his] complaints to staff" for resolution. 28 C.F.R.§ 542.13(a).
>
> If the inmate is dissatisfied with the response he receives, he must file a BP-9 seeking administrative review with the warden. *See* 28 C.F.R. §§ 542.14(a). If the inmate is dissatisfied with the warden's resolution of his grievance, he has twenty days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. §§ 542.15(a). If the inmate is dissatisfied with the regional director's disposition, his fourth and final appeal must be made to the Bureau of Prisons' general counsel by filing a BP-11 within thirty days. *See id.*

*Massey v. Helman,* 259 F.3d 641, 643 (7th Cir. 2001).

Defendants correctly note that plaintiff has failed to exhaust administrative remedies relative to his retaliatory transfer claim. **(Doc. 114, Exhibit 1, pp. 26-29)**. Plaintiff does not contest this point**. (Doc. 130, pp. 7-9)**. Because plaintiff has never pursued administrative

5

remedies regarding his transfer from USP-Marion to USP-Lee, his claim of retaliatory transfer is not properly before the Court and must be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

### 2.  Personal Jurisdiction

Defendants Lappin, Sweeney and Herschberger contend the Court lacks personal jurisdiction over them.  Once a defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. In *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 781-82 (7th Cir. 2003), the Court of Appeals for the Seventh Circuit summarized the principals of personal jurisdiction as follows:

> In any given case, there must be some showing that the defendant purposefully availed [himself] of the privilege of conducting activities within the forum state.... This requirement ensures that a defendant's amenability to jurisdiction is not based on fortuitous contacts, but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue.  To this end, the Supreme Court repeatedly has asked whether the defendant has deliberately engaged in significant activities within the forum state.

*Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d at 780-81 (citation to *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985), omitted); *see also FMC Corp. v. Varonos,* 892 F.2d 1308, 1313 (7th Cir. 1990).

At all relevant times defendant G.L. Hershberger was Regional Director for the North Central Regional Office of the Federal Bureau of Prisons; defendant H.G. Lappin was Director of the Federal Bureau of prisons from April 4, 2003; and defendant Howard Sweeney was National Health Services Administrator for the Federal Bureau of Prisons.  According to their respective affidavits, none of the three defendants had any direct contacts with the state of

Illinois.  **(Docs. 114-4, 114-9 and 114-10)**.  Plaintiff observes, and the defendants' affidavits confirm, that the three administrative officials' responsibilities include general oversight responsibilities that encompass USP-Marion– they are administrative officials of a national agency.  **(Doc. 130, pp. 18-19; and Docs. 114-4, 114-9 and 114-10)**.  Plaintiff further suggests that questions of fact preclude summary judgment on this issue.  However, plaintiff's bald assertions do not satisfy his burden in this situation.  The defendants' affidavits make clear that they had no direct involvement in the operation of the USP-Marion dental clinic, plaintiff's dental care or even his transfer.  (**Doc. 130, pp. 18-19; and Docs. 114-4, 114-9 and 114-10)**.  Therefore, this Court does not find the minimum contacts with Illinois necessary for personal jurisdiction.

      Furthermore, the defendants correctly observe that the fiduciary shield doctrine protects defendants Herschberger, Lappin and Sweeney.  **(Doc. 132)**.  This doctrine "denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal." *Rice v. Nova Biomedical Corp*., 38 F.3d 909, 912 (7th Cir. 1994).  The shield is withdrawn if the agent was acting also or instead on his own behalf-to 'serve his personal interests,'" *Id*.  The purpose of the fiduciary shield doctrine is to protect individuals from suits in their individual capacities, when their only relevant contacts with the forum state are acts performed for the benefit of their employer. *Alpert v. Bertsch*, 601 N.E.2d 1031, 1037 (Ill. 1st Dist., 6th Div. 1992).

      The defendants are sued in their individual *and* official capacities.  As a preliminary matter it must be understood that a *Bivens* action is not a proper vehicle for an official capacity suit.  "Official-capacity suits ... 'generally represent only another way of pleading an action

against an entity of which an officer is an agent.'" *Kentucky v. Graham,* 473 U.S. 159, 165-166 (1985) (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978). A *Bivens* action cannot be maintained against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 475-479 and 486 (1994).

Insofar as the defendants are sued in their individual capacities, aside from plaintiff's bald assertions, there is no evidence that Herschberger, Lappin or Sweeney were acting for their own personal interests. Rather, their affidavits reflect that they had no knowledge or involvement in the alleged acts and omissions. **(Docs. 114-4, 114-9 and 114-110)**. Therefore, this Court recommends defendants Herschberger, Lappin and Sweeney be granted summary judgment, as the Court lacks personal jurisdiction over them.

### 3. Personal Involvement

In order to state a cause of action under *Bivens,* the plaintiff must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights. *See Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir.1994). "[A]n official meets the 'personal involvement' requirement when [he or] she acts or fails to act 'with a deliberate or reckless disregard of plaintiff's rights or if the conduct causing the constitutional deprivation occurs at her direction or with [his or] her knowledge and consent.' " *Id.* (citation omitted).

Defendants correctly observe that the second amended complaint does not allege any personal involvement by defendants Compton, Li, Herschberger, Sweeney and Lappin. Rather, plaintiff cites the supervisory capacity of these defendants as the basis for their liability. **(Doc. 29, pp. 17-19 (as numbered in the CM-ECF system))**. The defendants' affidavits indicate that they did not have any personal involvement in plaintiff's dental care or transfer. **(Docs. 114-4,**

8

**114-6, 114-7, 114-9 and 114-10)**. Defendants Herschberger, Lappin and Sweeney, as Bureau of Prisons officials, were not personally involved in plaintiff's dental care, the running of the USP-Marion dental program or plaintiff's transfer.  **(Docs. 114-4, 114-9 and 114-10).**  Defendant Dr. Li, the Clinical Director at USP-Marion, was not responsible for and did not oversee dental care, which was the prerogative of Dr. McCuan.  **(Doc. 114-6)**.  Defendant Associate Warden Compton did not have control over clinical care; again, that was the prerogative of Dr. McCuan.  **(Doc. 114-7)**.

Plaintiff argues that defendants Compton, Li, Herschberger, Sweeney and Lappin bear responsibility for his allegedly inadequate dental care and improper transfer by virtue of their oversight responsibilities.  **(Doc. 130)**.  The doctrine of respondeat superior cannot form the basis for liability in a *Bivens* action.  *Rizzo v. Goode*, 423 U.S. 362, 372-373 (1976).  Plaintiff has failed to counter the defendants' affidavits with evidence of their personal involvement in the alleged wrongs, or their knowledge of those wrongs and inaction.  Therefore, defendants Compton, Li, Herschberger, Sweeney and Lappin are entitled to summary judgment on all claims.

Similarly, the affidavits of defendant Warden Stepp and USP-Marion Health Services Administrator Baake reflect that they were not personally involved in plaintiff's dental care or transfer.  **(Docs. 114-5 and 114-8)**.  Warden Stepp relied upon Dr. McCuan for all clinical decisions regarding dental care; he was never informed a replacement or substitute dentist was needed; and Stepp permitted a designee to authorize plaintiff's transfer.  **(Doc. 114-5)**.  Although defendant Baake was responsible for the administration of the Health Care Unit, including personnel matters, he made no clinical decisions.  **(Doc. 114-8)**.  Baake did attempt to retain a

substitute dentist while Dr. McCuan was unable to perform certain procedures, but he was unable to secure the service of another dentist. **(Doc. 114-8)**. According to Baake's affidavit, if Dr, McCuan had an emergent situation, the patient would have been treated by a local dentist. **(Doc. 114-8)**. Dr. McCuan's affidavit indicates that his hand was in a cast for one month, during which time he continued to perform exams, place temporary fillings and administer pain relief, albeit with the help of an assistant. **(Doc. 114-3)**. Baake's involvement and/or liability therefore required Dr. McCuan to determine that there was a situation that he could not properly treat (permanently or on a temporary basis) and alert Baake to that emergent situation---- which did not occur. Therefore, both Stepp and Baake are entitled to summary judgment on all claims.

### 4.  Conspiracy

This Court, sua sponte, observes that plaintiff's conspiracy claim(s) must fail. To demonstrate a conspiracy, the plaintiff must demonstrate that the defendants: (1) reached an agreement (express or implied) to deprive the plaintiff of constitutional rights; and (2) the plaintiff suffered actual deprivations of those rights stemming from that agreement. *See Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir. 1988). Direct or circumstantial evidence may be used to prove a conspiracy. *Hoffman-LaRoche, Inc. v. Greenberg,* 447 F.2d 872, 875 (7th Cir. 1971); *United States v. Varelli,* 407 F.2d 735, 741-42 (7th Cir. 1969). Plaintiff has offered nothing but a bald, sweeping assertion that the defendants conspired to deprive him of proper dental care and to transfer him in retaliation for his complaints. The defendants affidavits uniformly deny any conspiracy, plan or agreement. **(Docs. 114-4 – 114-10)**.

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that defendants E.A. Stepp, Terry Baake, B.G. Compton, G.L. Hershberger, H.G. Lappin, Augustine F. Li and Howard Sweeney's motion for summary judgment  (Doc. 113) be granted in all respects.  More specifically:

1. Plaintiff's claim regarding retaliatory transfer from USP-Marion to USP-Lee should be dismissed without prejudice, in that plaintiff failed to exhaust administrative remedies before filing suit on that issue;

2. Defendants Herschberger, Lappin and Sweeney should be granted summary judgment, as the Court lacks personal jurisdiction over them, and they are further protected by the fiduciary shield doctrine insofar as they are sued in their individual capacities;

3. All seven remaining defendants– Compton, Li, Herschberger, Sweeney, Lappin, Stepp and Baake– should be granted summary judgment, in that they all lack sufficient personal involvement for liability to attach relative to all claims; and

4. All seven remaining defendants should also be granted summary judgment sua sponte with respect to plaintiff's conspiracy claim(s), in that plaintiff has failed to properly allege and support such a claim(s).

If this report and recommendation is adopted, all claims against all defendants will have been resolved unfavorably for plaintiff and entry of final judgment would be appropriate.

**DATED:** May 16, 2007.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

### NOTICE

In accordance with 28 U.S.C. 636(b) and Federal Rule of Civil Procedure 6(e) the parties have until June 5, 2007, to file their objections to this report and recommendation.